# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3630

_____

Troy Pedigo,     *
    *
       Appellant,     *    Appeal from the United States
    *    District Court for the Eastern
    v.     *    District of Missouri.
    *
National Cart Co., Inc.,     *      [UNPUBLISHED]
    *
       Appellee.     *

_____

Submitted: April 13, 2004

Filed: April 27, 2004

_____

Before LOKEN, Chief Judge, RICHARD S. ARNOLD and FAGG, Circuit Judges.

_____

PER CURIAM.

After Troy Pedigo, an African-American, quit his job at the National Cart Company, he brought this employment discrimination action against National Cart. Pedigo alleged he was subjected to a racially hostile work environment and treated less favorably than white employees, and he was constructively discharged when National Cart retaliated against him for filing a complaint with the Equal Employment

Opportunity Commission. The district court[*] granted summary judgment to National Cart. Pedigo appeals, and we affirm.

We review the grant of summary judgment de novo and must affirm if the evidence, viewed in the light most favorable to Pedigo, shows there is no genuine issue of material fact and National Cart is entitled to judgment as a matter of law. Robinson v. Valmont Indus., 238 F.3d 1045, 1047 (8th Cir. 2001). The district court concluded there was no genuine issue of material fact to submit to a jury on Pedigo's hostile work environment claims because Pedigo could not show that National Cart knew or should have known of the racial harassment and failed to take adequate corrective measures, see Woodland v. Joseph T. Ryerson & Son, Inc., 302 F.3d 839, 843 (8th Cir. 2002), or that he was similarly situated to or treated less favorably than his white co-workers, Palesch v. Missouri Comm'n on Human Rights, 233 F.3d 560, 568 (8th Cir. 2000). When evaluating the reasonableness of an employer's corrective measures, courts consider the amount of time that passed between the notice of the harassment and the corrective measures taken. Robinson, 238 F.3d at 1047. Although an employee hung a noose on the plant floor months before and during Pedigo's employment, there is no dispute that management removed the noose immediately after Pedigo complained that it offended him. There is also no dispute that management promptly painted bathroom stalls dark brown after learning of general racist graffiti written there. Thus, National Cart quickly corrected each problem reported by Pedigo. See id. Although Pedigo made vague complaints about racist remarks made by coworkers, Pedigo declined to provide details about them or the notes he allegedly took describing the incidents. As for the alleged disparate treatment, Pedigo did not show he was treated less favorably than white employees regarding use of the telephone for personal calls or having family members on the plant floor without requesting a tour.

---

[*]The Honorable Terry I. Adelman, United States Magistrate Judge for the Eastern District of Missouri, sitting by consent of the parties.

The district court also concluded there was no genuine issue of material fact on Pedigo's constructive discharge claim because Pedigo could not show that National Cart took an adverse employment action against him, see Scusa v. Nestle U.S.A. Co., 181 F.3d 958, 968 (8th Cir. 1999), or that he gave National Cart a reasonable chance to work out the alleged problems that led him to quit, see Duncan v. General Motors Corp., 300 F.3d 928, 935 (8th Cir. 2002). On the day Pedigo quit, he reported that another employee had waved a lighter under his chin and had started operating a crane Pedigo was loading before he was clear from the load. Despite his supervisor's assurance that he would take care of the problem, Pedigo quit anyway. An employee who quits without giving his employer a reasonable chance to correct a problem has not been constructively discharged. Id. Pedigo relies on constructive discharge as the adverse employment action supporting his retaliation claim. Because Pedigo was not constructively discharged, he suffered no adverse job action as a matter of law.

We thus affirm the district court's grant of summary judgment to National Cart.

_____